**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20901
Summary Calendar

RUSSELL PAVICH, M.D. AND WIFE, MYRA D. PAVICH

Plaintiffs-Appellants,

VERSUS

ZIMMER, INC. D/B/A/ ORTHOPEDIC DEVICES, INC.,

Defendant-Appellee

Appeal from the United States District Court
For the  Southern District of Texas
(H-96-CV-2317)

August 27, 1998

Before  DUHÉ, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:[1]

Russell Pavich, M.D., and his wife Myra ("the Paviches") sued Zimmer, Inc., d/b/a Orthopedic Devices, Inc. ("Zimmer") in  state court asserting  products liability and  negligence claims, as well as violations of the Uniform Commercial Code.  Dr. Pavich claimed Harrington rods implanted in his spine following an automobile accident broke and injured him.  Zimmer removed the case on the basis  of  diversity  jurisdiction  and  then  moved  for  summary

---

[1]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

judgment.  The district court granted summary judgment, concluding that the Paviches' cause of action was barred by limitations.  We agree.

## BACKGROUND

In 1981 Dr. Pavich was rendered a paraplegic in an automobile accident.  He sought treatment from Dr. Jesse Dickson ("Dickson") at Methodist Hospital in Houston, Texas.  As part of the surgery necessitated by the accident, Dr. Dickson implanted Harrington rods[2] in Dr. Pavich's spine to provide increased support.

In early 1994, Dr. Pavich began experiencing increased pain and hearing a popping sound as he moved his back.  He underwent an intravenous pyelogram (IVP) May 9, 1994.  Dr. Pavich took the IVP film to Dr. R. E. Carter at The Institute for Rehabilitation and Research (TIRR) in Houston for review May 12, 1994.  Dr. Carter's clinical notes on that date reveal that he found "some evidence of probable breaking of the Harrington rods."  He recommended that Dr. Pavich consult Dr. Dickson, his original surgeon, to "see if there is any need to do anything with regards to the broken Harrington rod."  Dr. Pavich saw Dr. Dickson May 31, 1994.  X-rays taken on that date confirmed that the rods were broken.  Dr. Dickson concluded that it was probable the broken rods were causing  Dr. Pavich's increased pain.

The Paviches filed suit May 31, 1996, against Zimmer in Texas

---

[2]"Harrington rods" is a generic name for a device invented by Dr. Paul R. Harrington.  At the time of Dr. Pavich's surgery, some six manufacturers, including Zimmer, Inc., produced these orthopedic devices.

state court, alleging causes of action based on products liability, negligence, and violations of the Uniform Commercial Code. After removing the case, Zimmer moved for summary judgment on two grounds - that the suit was barred by limitations and that the Paviches had failed to present admissible evidence that created a fact issue as to whether Zimmer had manufactured or supplied the Harrington rods used in Dr. Pavich's spine. The Paviches argued that the discovery rule should be applied to overcome the limitations bar. They supported their allegation that Zimmer was the manufacturer of the rod by an affidavit from Dr. Pavich. The district court found that there was genuine issue of material fact as to the manufacturer or supplier of the rod. It ruled, however, that although the discovery rule applied, the statute of limitations barred the Paviches' suit. The Paviches now appeal.

## II.

We review the district court's grant of summary judgment on the basis of limitations de novo. <u>Rotella v. Pederson</u>, 1998 WL 340393 *2 (5th Cir. (Tex)).

## III.

### A.

We first examine the Paviches' Uniform Commercial Code violation claim. Although the nature of this claim was not precisely specified, we agree with the district court that the Paviches appear to complain of a breach of warranty. Actions for breach of warranty must be brought within four years of accrual. Tex. Bus. & Comm. Code § 2.725(a)(Vernon 1994). Subsection (b)

3

provides that a cause of action accrues when the breach occurs and that the breach occurs when tender or delivery is made. It further delineates an exception that was not alleged here. Because the traditional discovery rule applies only to statutes that fail to define when a cause of action accrues, (See Moreno v. Sterling Drug, Inc. 787 S.W. 2d 348, 353 (Tex. 1990)), the Paviches can find no relief under this exception to limitations. Their cause of action accrued upon delivery of the Harrington rods in 1981 and expired four years later.

We now turn to the remainder of the limitations defense. Under Texas law a suit for personal injury must be brought "not later than two years after the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a). For purposes of the application of limitation statutes, a cause of action generally accrues when the wrongful act causes an injury, regardless when the plaintiff learns of the injury. Moreno, 787 S.W. 2d at 351.

The discovery rule is a very limited exception to statutes of limitations. Computer Assoc. Int'l., Inc. v. Altai, Inc., 918 S.W. 453, 455 (Tex. 1996). When applied, it defers the accrual of a cause of action. S.V. v. R.V., 933 S.W. 1, 4 (Tex. 1996). The rule is a judicially constructed test used to determine when a plaintiff's cause of action accrued. Weaver v. Witt, 561 S.W. 792, 794 (Tex. 1977). Under the discovery rule such an action accrues, not when the injury becomes certain, but when the claimant should know of his injury. Murphy v. Campbell, 964 S.W. 2d 265 (Tex. 1997). Texas courts further describe this knowledge as when the

4

plaintiff knows or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. Computer Assoc. Int'l., Inc., 918 S.W. 2d at 455. When a cause of action accrues for limitations purposes is a question of law for the court. Id.

The discovery rule exception applies in cases where "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." Murphy, 964 S.W. 2d at 270. Texas courts explain the "inherently undiscoverable" requirement as not needing to be absolutely impossible to discover, but of such a nature that it is unlikely to be discovered within the prescribed limitations period despite due diligence. S.V., 933 S.W. 2d at 7. It is clear that this requirement permits the discovery rule exception only where it is difficult for the injured party to learn of the negligent act or omission. Computer Assocs. Int'l., Inc., 918 S.W. 2d at 455. The second requirement, that an injury be "objectively verifiable," means that the presence of the injury and the producing wrongful act cannot be disputed. See S.V., 933 S.W. 2d at 7 (explaining cases where the court considered "objectively verifiable").

We agree that the discovery rule exception is properly applied to the case before us. The nature of Dr. Pavich's injury is inherently undiscoverable. There was no sudden trauma that caused the onset of his increased pain. The broken rods were not visible to the naked eye, nor were the breaks readily discernable through palpation. Dr. Pavich was not able to discover that the rods were

5

defective until his pain began.  His injury is also objectively identifiable; x-rays clearly showed the breaks in the rods.

To determine when the two-year limitations period began to run, we now look to when Dr. Pavich acquired knowledge of facts which, in the exercise of reasonable diligence, would lead to the discovery of his injury.  <u>Moreno</u>, 787 S.W. 2d  348, 351 (Tex. 1990).  Although he began to experience increased pain in early 1994, we find that it was not until his TIRR consultation May 12, 1994, that he acquired the knowledge he needed to discover he had a cause of action.  On that date Dr. Carter reviewed the IVP results.  He attributed Dr. Pavich's pain to probable breaks in the Harrington rods.  He recommended a consultation and an X-ray to verify the breaks.  We find that, from the date of Dr. Carter's IVP evaluation, Dr. Pavich acquired knowledge that would lead to the discovery of his injury.  Unfortunately, the Paviches did not file suit until May 31, 1996, two years and 19 days after their cause of action accrued.

Accordingly, we find that the Paviches' suit against Zimmer is barred by the two year statute of limitations as applied under the discovery rule.  We, thus, have no need to consider Zimmer's second summary judgment argument.

AFFIRMED.